**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ALEXANDER ESCOBAR, | No.   16-73916 |
| Petitioner, | Agency No. A205-719-863 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Francisco Alexander Escobar, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his applications for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Escobar's testimony and his declaration regarding whether he was beaten by gang members and whether he and his family received threatening telephone calls while he was living in El Salvador. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear"). Escobar's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Escobar's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). In light of this disposition, we need not reach Escobar's remaining contentions regarding the merits of his claim. *See Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues

16-73916

unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of Escobar's CAT claim because it was based on the same testimony the agency found not credible, and Escobar does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Farah*, 348 F.3d at 1157.

We reject as unsupported by the record Escobar's contention that the agency erred in its credibility analysis or violated his right to due process in making an adverse credibility determination.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**